IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLENE TAYLOR-THOMAS,

  Plaintiff,

  v.

KERENSO DARAR, a/k/a Darar
Kerenso, et al.,

  Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00817-TWT

## OPINION & ORDER

This is a personal injury action. It is before the Court on the Plaintiff Charlene Taylor-Thomas's Motion to Exclude experts Ian Campbell and Marc Paradiso. [Doc. 46] and the Defendant HJ Trucking, LLC's Motion for Partial Summary Judgment [Doc. 50]. For the following reasons, the Plaintiff's Motion to Exclude [Doc. 46] is DENIED and the Defendant HJ Trucking, LLC's Motion for Partial Summary Judgment [Doc. 50] is GRANTED.

## I.  Background[1]

This action arises out of a car accident that took place in April 2022 in Gainesville, Georgia. (Def.'s Statement of Undisputed Material Facts ¶ 11). At the time of the accident, Defendant Darar Kerenso was employed as a driver

---

[1] The operative facts on the Motion for Summary Judgment are taken from HJ Trucking's Statement of Undisputed Material Facts. The Court will deem these factual assertions, where supported by evidentiary citations, admitted under Local Rule 56.1(B) because the Plaintiff did not oppose the Statement or Motion for Partial Summary Judgment. (*See* Pl.'s Resp. to Mot. for Partial Summ. J.).

for HJ Trucking. (*Id.* ¶ 6). The Plaintiff was sitting in the driver's seat of a parked and turned off vehicle with a friend in the passenger seat. (*Id.* ¶¶ 7-8). The vehicle was parked on a curb near the entrance to a gas station. (*Id.* ¶ 9). Kerenso turned his trailer into the gas station parking lot and struck the rear of the Plaintiff's vehicle. (*Id.*). Kerenso was not issued a citation for the accident and passed a post-accident drug screen. (*Id.* ¶¶ 10-11).

HJ Trucking had recently hired Kerenso as a driver when the accident took place. (*Id.* ¶ 13). Kerenso had a valid commercial driver's license ("CDL") that was issued in 2019 and he successfully completed an informal road test and passed a driver motor vehicle record check before he was hired. (*Id.* ¶¶ 16-18, 21). HJ Trucking trained Kerenso on driver safety and company policy, and he underwent in-person training where he was supervised while driving by another HJ Trucking employee. (*Id.* ¶¶ 27-28). Prior to the accident, Kerenso had not been involved in any other accidents since obtaining his CDL license but had received two citations; one for an improper U-turn and one for driving in the left lane. (*Id.* ¶¶ 25-26).

The Plaintiff filed this action in Gwinnett County State Court on January 3, 2024, asserting six claims: (1) negligence (against Darar); (2) negligence per se (against Darar); (3) imputed liability (against HJ Trucking); (4) negligent hiring, entrustment, training, and supervision against HJ Trucking; (5) direct action against an insurer (against Continental Divide);

and (6) punitive damages (against Darar and HJ Trucking). (Compl. ¶¶ 18-53). The Defendants removed the action to this Court on February 22, 2024. Near the end of the extended discovery period, the Plaintiff moved to exclude two of the Defendants' experts. [Doc. 46]. Shortly thereafter, Defendant HJ Trucking moved for partial summary judgment as to Count IV, the Plaintiff's negligent hiring, entrustment, training, and supervision claim. [Doc. 50]. The Plaintiff does not oppose the Motion for Partial Summary Judgment. [Doc. 52]. The Court will address each Motion in turn.

## II.  Legal Standards

Federal Rule of Civil Procedure 26 states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires that all retained expert witnesses prepare a signed, written report that contains, *inter alia*, "the witness's qualifications, including a list of all publications authored in the previous 10 years[.]" "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). This rule is designed to provide the opposing party "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quotation marks and citation omitted). If a party fails to provide information or identify

a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Plaintiff's lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported

4

by evidentiary materials." *Id.*

## III. Discussion

### A. Motion to Exclude

The Plaintiff moves to exclude the expert testimony of Ian Campbell and Marc Paradiso on grounds that the Defendants' failed to properly disclose these experts and provide a timely expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). (Pl.'s Mot. to Exclude, at 1, 7-8). Specifically, she contends that the Defendants did not provide either a complete statement or written report from these experts as to the subject of their testimony until March 18, 2025, six days prior to the close of the discovery period. (*Id.* at 8). As a result, the Plaintiff had less than a week to review the expert reports, schedule depositions, and identify rebuttal experts. (*Id.* at 8-9).

The Defendants oppose the Motion, noting that the Plaintiff does not dispute that the content of their disclosures complied with Rule 26 but takes issue only with the timing of their disclosures. (Defs.' Resp. in Opp'n to Mot. to Exclude, at 2). They contend that they disclosed the experts' identities along with a statement as to their backgrounds, qualifications, and expected opinions and testimony on January 21, 2025, approximately three months before discovery closed on March 24. (*Id.* at 5-6, 9-11). The Defendants acknowledge that the full expert reports were not served on the Plaintiff until March 18 but assert that the Plaintiff informed them in February that, although she

intended to depose Exponent, Inc.—Campbell and Paradiso's employer—under Rule 30(b)(6), she did not intend to depose Campbell and Paradiso themselves. (*Id.* at 7). As a result, the Defendants argue, any failure to comply with Rule 26 or Local Rule 26.2(c) was harmless. (*Id.* at 12-13).

The Court does not find exclusion of the Defendants' experts to be warranted under the facts presented. First, it does not appear that the Defendants actually violated either Rule 26 or Local Rule 26.2(c) with regard to the timing of their disclosures because both experts were identified and complete expert reports were provided to the Plaintiff prior to the close of discovery on March 24, 2025. *See Reese*, 527 F.3d at 1265 (interpreting Rule 26(b)(4)(A) and Local Rule 26.2(c) together to require the disclosure of an expert's report prior to the close of discovery). The Court acknowledges, however, that the Defendants disclosure of the complete expert report on March 18th gave the Plaintiff a tight timeline to review the report and make strategic decisions before the close of discovery on the March 24th. Second, while Local Rule 26.2(c) does require the disclosure of an expert to be done early enough in the discovery period to "permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery," the Defendants have presented evidence that they provided the Plaintiff with ample opportunity to depose the experts prior to the close of discovery or even after and that the

Plaintiff did not express interest in doing so. LR 26.2(c), NDGa.; (*See* Defs.'
Resp. in Opp'n to Mot. to Exclude, Ex. 7 [Doc. 49-7], at 1). The Plaintiff has not
rebutted this evidence. *DeepGulf Inc. v. Moskowski*, 333 F.R.D. 249, 253 (Nov.
5, 2019) (providing that the party seeking sanctions under Rule 37 bears the
burden of establishing the opposing party's Rule 26 violation). This leads the
Court to the harmlessness inquiry. Given the Plaintiff's apparent decision not
to pursue deposing Campbell and Paradiso themselves, and to postpone her
scheduled deposition of Exponent, the Court cannot find that any violation of
Rule 26 or Local Rule 26.2(c) harmed the Plaintiff. As the Defendants point
out, the purpose of Rule 26 is to provide the parties ample opportunity to
"prepare for effective cross examination and perhaps arrange for expert
testimony from other witnesses." *Reese*, 549 F.3d at 1361-62. As no trial date
has been set and Rule 26(a)(2)(D) gave the Plaintiff 30 days to identify a
rebuttal expert once she received the complete expert report, the Court cannot
find that the Plaintiff has suffered any harm from the Defendants' alleged
violation. Thus, the Plaintiff's Motion to Exclude [Doc. 46] will be denied.

### B. Motion for Partial Summary Judgment

HJ Trucking argues that the Plaintiff's negligent hiring, entrustment,
training and supervision claim (Count IV) and punitive damages claim (Count
VI) fail as a matter of law because there is no evidence supporting them and
no evidence of proximate cause as to the Plaintiff's alleged injuries. (Def.'s Mot.

for Partial Summ. J., at 6-7, 10-21). It also asserts that the negligent hiring portion of the Plaintiff's claim is preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). (*Id.* at 7-8).

HJ Trucking has not presented the Court with enough evidence to determine whether the Plaintiff's negligent hiring allegations are preempted by the FAAAA. The applicable provision states that

> a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). The term "transportation" includes "a motor vehicle . . . related to the movement of passengers or property" and "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(23). The problem with HJ Trucking's contention is that nothing in the record, in the Statement of Undisputed Material Facts or otherwise, sheds light on the nature of HJ Trucking's business and whether Kerenso might have been transporting passengers or property (if any) at the time of the accident. The most HJ Trucking provided was the fact that it hired drivers who had valid CDL licenses, and the fact that "trucking" is in its name. The Court cannot determine on this limited record whether HJ Trucking's business and Kerenso's job duties involved the "transportation of property" such that

§ 14501(c)(1) applies. Although the Motion is unopposed, the Court "must ensure that the motion . . . is supported by evidentiary materials." *5800 74th Ave.*, 363 F.3d at 1101. Thus, the Court cannot grant HJ Trucking's Motion as to the negligent hiring allegations on preemption grounds.

Nonetheless, the Court agrees with HJ Trucking that that the Plaintiff's negligent hiring allegations fail on the merits because Kerenso was a qualified commercial motor vehicle driver under the Federal Motor Carrier Safety Regulations ("FMCSRs") when he was hired. The FMCSR qualifications are found in 49 C.F.R. § 391.11(a) and HJ Trucking has asserted in its Statements of Undisputed Material Facts that Kerenso met these requirements, attaching supporting exhibits to its Motion. (*See* Def.'s Statement of Undisputed Material Facts ¶¶ 14-22); (Def.'s Mot. for Partial Summ. J., Exs. 9-10). Further, by declining to oppose the Motion, the Plaintiff has not produced any evidence in rebuttal showing that Kerenso was unqualified as a commercial driver or that HJ Trucking had knowledge of any lack of qualification. "Under Georgia law, liability for negligent hiring or retention requires evidence that the employer knew or should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir. 2001). Thus, HJ Trucking is entitled to summary judgment as to the negligent hiring portion of Count IV. *Anderson*, 477 U.S. at 257.

The Plaintiff's negligent entrustment allegations similarly fail. To prevail on a claim for negligent entrustment in Georgia, a plaintiff must show that that the defendant "entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." *Barclay v. Stephenson*, 337 Ga. App. 365, 370 (2016). Here, the Plaintiff has not even alleged—let alone produced evidence—that Kerenso was habitually reckless or that HJ Trucking was aware of any incompetencies or proclivities for recklessness that Kerenso may have had. To the contrary, the facts before the Court indicate that Kerenso had no accident history since obtaining his CDL license and the two citations he had received were unrelated to the conduct causing the accident at issue in this case. (*See* Def.'s Statement of Undisputed Material Facts ¶¶ 21-26). HJ Trucking is thus entitled to summary judgment as to the negligent entrustment portion of Count IV. *Anderson*, 477 U.S. at 257.

The Plaintiff's negligent training and supervision allegations lack merit for the same reason. Under Georgia law, "[a]n employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable that the employee's tendencies could cause the type of harm sustained by the

10

plaintiff." *Remediation Res., Inc. v. Balding*, 281 Ga. App. 31, 34 (2006; *Advanced Disposal Servs. Atlanta, LLC v. Marczak*, 359 Ga. App. 316, 319-20 (2021)). To avoid summary judgment, "a plaintiff must produce some evidence of incidents similar to the behavior that was the cause of the injury at issue." *Remediation Res., Inc.*, 281 Ga. App. at 34. The only evidence in the record reflects a lack of such similar incidents, and the Plaintiff has not produced any evidence to the contrary. The Court will thus grant summary judgment in HJ Trucking's favor as to the negligent training and supervision portions of Count IV.

Finally, state a claim for punitive damages under Georgia law, it must be established "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). The Plaintiff has not presented any evidence, let alone clear and convincing evidence, showing any willful misconduct by HJ Trucking. Accordingly, the Court will grant summary judgment in HJ Trucking's favor as to Count VI.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Exclude [Doc. 46] is DENIED and the Defendant HJ Trucking, LLC's Motion for Partial Summary Judgment [Doc. 50] is GRANTED. The Clerk is directed to enter judgment in

Defendant HJ Trucking, LLC's favor as to Counts IV and VI. The remaining

Counts, as well as Count VI as to Defendant Kerenso, remain pending.

SO ORDERED, this ___10th___ day of October, 2025.


THOMAS W. THRASH, JR.
United States District Judge

12